

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RAMON GONZALEZ ELIAS (A# 245-816-925),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-01835-JLT-EPG

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; DENYING RESPONDENTS' MOTION TO DISMISS[1]

(Docs. 1, 11)

Ramon Gonzalez Elias a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

---

[1] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 11.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "*Padilla* set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, Doe did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court declines to dismiss all the remaining named Respondents and **DENIES** the motion to dismiss.

## I.       FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico. He entered the United States without inspection on or about February 11, 2024, where he was encountered by federal immigration officials at or near Lukeville, Arizona. (Doc. 12 at 2.) On February 14, 2024, immigration officials issued Petitioner a Notice to Appear, charging him under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an alien present in the United States who has not been admitted or paroled by an immigration officer and who arrived in the United States at any time or place other than designated by the attorney general; and under INA section 212(a)(7)(A)(I)(i) as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, or border crossing card or other valid entry document required by the act. (*Id*.) Petitioner was then released on his own recognizance after processing. (*Id*.)

Petitioner has a lengthy criminal history in the United States. On or about July 18, 2011, Petitioner was arrested by Santa Cruz Police Department officers for DUI: Alcohol/Drugs. (Doc. 12 at 2.) The disposition of this arrest is not known. (*Id*.) On February 10, 2013, Petitioner was arrested by Fowler Police Department officers for DUI: Alcohol/Drugs, DUI: Alcohol /0.08 Percent and driving without a license. The charges were later dismissed. (*Id*.) On May 05, 2014, Petitioner was arrested by Santa Cruz Police Department officers for DUI: Alcohol/Drugs. (*Id*.) the disposition for this arrest is not known. (*Id*.)  On August 5, 2015, Petitioner was arrested by Salinas Police Department officers for driving on a suspended license/DUI special violation. (*Id*.) On October 21, 2016, Petitioner was convicted of driving on a suspended license/DUI special violation in violation of California Vehicle Code § 14601.2(A). (*Id*. at 3) Petitioner was sentenced to forty (40) days in jail and three (3) years of probation. (*Id*.)

On October 18, 2016, Petitioner was arrested by Salinas Police Department officers for Force/ADW-Not Firearm: GBI Likely. (*Id*.) The charge was dismissed for lack of sufficient evidence. (*Id*.) On December 02, 2016, Petitioner was arrested by Salinas Police Department officers for driving on a suspended license/DUI special violation. *Id*. The disposition for this arrest is unknown. (*Id*.) On March 17, 2017, Petitioner was arrested by Monterey Police Department officers for spousal battery, probation violation, and willful cruelty to a child. (*Id*.)

The charges were dismissed for lack of sufficient evidence. (*Id*.) On January 8, 2021, Petitioner was arrested by Watsonville Police Department officers for Hit and Run: Property Damage. (*Id*.) On January 9, 2021, Petitioner was arrested by Santa Cruz Police Department officers for DUI Alcohol, DUI Alcohol/0.08 Percent and Third DUI Conviction Within 10 Years. (*Id*.) On August 8, 2022, Petitioner was convicted of DUI in violation of California Vehicle Code § 23152(B). *Id*. The charges for Hit and Run: Property Damage were dismissed. *Id*. Petitioner was sentenced to 240 days in jail and 36 months of probation. (*Id*.) On October 22, 2023, Petitioner was arrested by Reedley Police Department officers for DUI Alcohol and DUI Alcohol/0.08 Percent. On July 18, 2024, Petitioner was convicted of DUI Alcohol/0.08 Percent in violation of California Vehicle Code § 23152(B). (*Id*.) Petitioner was sentenced to 270 days in jail and 36 months of probation. *Id*. On January 7, 2025, Petitioner was arrested by Salinas Police Department officers for contempt: disobeying a court order. (*Id*.) The charge was later dismissed. (*Id*.)

On October 22, 2025, Petitioner was arrested by Immigration and Customs Enforcement and is currently detained at the Golden State Annex Detention Facility in McFarland, California. (*Id*.) On March 6, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1.) On March 23, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 12 at 1.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

///

### III.     DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 516) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 12 at 1-2.) Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. However, based upon Petitioner's extensive criminal history release is not appropriate at this time.

### IV.     CONCLUSION AND ORDER

1.     The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.     The motion to dismiss (Doc. 11) is **DENIED**.

3.     **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence

that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

      4.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **April 2, 2026**

UNITED STATES DISTRICT JUDGE